Caruthers, J.,
delivered the opinion of the Court.
*41 Josiah B. Smith purchased a tract of land from Fields, and executed hjs note for $100 of the consideration, due 25th of December, 1858, which note Fields transferred to Mott. By agreement, on the 6th of October, 1857, this note was taken up, and Smith made two notes to Fields, one for $300, due at the same time, 25th of December, 1858, to bring the same within a magistrate’s jui’isdiction. This note was assigned by Fields to Mott or Rolin. Subsequently an exchange of land was mado between Smith and Fields, by which the latter was to pay the former $300; and this, by agreement, was to bo paid by the return to Smith of his note for that amount, previously given, and the writings were to be drawn up when that was done. Fields failing to procure and deliver the note proposed, and did execute his note, (the one now in suit,) to Smith on the 25th of December,-1857, due 25th of December, 1858, for the same amount, This note was- assigned by Smith to the plaintiff in February, 1859.
The defense relied upon is, that at the time the note was given, it was agreed by the parties that Smith was to hold it until it fell due, and receive his own note for the same amount, which Fields had traded to Mott, and he to Rolin. This, he insists, he is now ready to do, having taken up the note from .the holder.. The note of Smith assigned to Mott by the defendant, was not taken-up by him until it was placed in the hands of an attorney for collection, and Smith had become insolvent, and after this suit had been commenced by Stunston.
To all this evidence the plaintiff objected, and the Court, after hearing it, charged the jury that it constituted no defense to the action.
*42 It is certainly true, tliat as the note of Fields was not transferred until after it was due, it was liable to all the equitable defenses in the hands-of-the endorsee, that it would have been in the hands of the payee. But does that principle apply to this case? What is the defense set up? Smith agreed to hold the note until due, and then to receive in payment his own note, that Fields.had assigned to Mott. This he failed to do, and had not done in February after, when the note was put out for collection by Mott, and the other note had been assigned and put in suit. So he had failed to avail himself of the verbal agreement to discharge this note, by the procurement and delivery of the other before the right of Stuns-ton had accrued, by the transfer of Smith to him. It was not a continuing right, but only extended to the 25th of December, 1858, the time when both notes fell due. At the time Smith endorsed the note to the plaintiff, therefore, there was no equity against it.
But upon another ground the defense is unavailing. This note is without conditions of any sort, and the attempt is to defeat it, or change the mode of payment by a contemporaneous agreement not contained in the writing. This cannot be done, as has been settled in two recent cases of our own, in conformity to all the authorities: Ellis vs. Hamilton, 4 Sneed, 518; and Bryan vs. Hunt, same, 546.
In the first case, it is laid down that it cannot bo proved that there was a parol agreement at the time, that the note sued upon “should be paid in any mode than is imparted on its face.” That is precisely this ease. The proof was, therefore, incompetent, and should *43 have been excluded, or held as it was by his Honor, to present no obstacle to the recovery of Stuntson.
The failure of Smith, and the consequent liability of Fields to Mott, as 'endorser, was doubtless the only cause of this attempt to ■ save himself by trying to defeat the plaintiff. He lost his advantage by delay, if he ever could have availed himself of it, which, perhaps, he could not, according to the cases above cited.
The judgment will bo affirmed.